02/25/05

**AIRTECH**

## CONSENT AND AGREEMENT

This CONSENT AND AGREEMENT (this "Consent and Agreement"), dated as of February 17, 2005 is entered into between National Paintball Supply, Inc. ("Distributor"), and National Bank of Canada (the "Agent"), as Administration Agent for the Lenders (the "Lenders") from time to time party to the Credit Agreement (as defined below).

A. Paintball L.P. (the "Borrower"), has entered into a credit agreement, dated as of February 21, 2005 between the Borrower, the Agent and the Lenders (as amended, modified and supplemented from time to time, the "Credit Agreement").

B. A predecessor of the Borrower (namely Airtech Industries Inc. (or Airtech Innovation Inc.)) and the Distributor have entered into an Exclusive Distributor Agreement dated as of June 12, 2002, as amended (collectively, the "Contract").

C. The Borrower has granted a security interest in and assigned the Contract to the Agent for the benefit of the Lenders.

NOW THEREFORE, the parties hereto agree as follows:

1. Distributor acknowledges the assignment referred to in paragraph C above and consents to such assignment and agrees with the Agent for the benefit of the Lenders as follows:

    (a) Distributor consents to the transfer of the Borrower's interest under the Contract to the Agent or a purchaser or grantee upon enforcement of the security in favour of the Agent, and agrees that upon such enforcement, Licensor shall recognize the Agent or other purchaser as the applicable party under the Contract (provided that the Agent or such purchaser assumes the obligations of the Borrower under the Contract pursuant to a written notice to Distributor to such effect).

    (b) Without prejudice to any other rights or remedies against Borrower that are available to the Agent, or the Lenders upon any default by the Borrower under the Credit Agreement, Distributor agrees that the Agent shall upon written notice to Distributor as provided under (a) above, be entitled to all of the rights and benefits which the Borrower has or may have under the Contract but only to the same extent and the same manner as if it were an original party to the Contract and subject to any claim, set-off, defense or other right which Distributor may have under the Contract arising before or after the date of such written notice.

    (c) Distributor will not, without the prior written consent of the Agent (i) cancel or terminate the Contract except as provided in the Contract or applicable law and in accordance with Section 1(d) of this Consent and Agreement, or



consent to or accept any cancellation or termination thereof by the Borrower, or (ii) take an action described in Section 13.03 of the Contract.

(d) Distributor will not terminate the Contract on account of any default or breach of the Borrower thereunder without concurrent written notice to the Agent and first providing to the Agent 30 days to cure such default. If the default is caused by the insolvency, bankruptcy, general assignment for the benefit of creditors, or appointment of a receiver, trustee, custodian or liquidator of the Borrower or its properties, then, notwithstanding any right that Distributor may have to terminate the Contract, the Agent shall be entitled to assume the rights and obligations of the Borrower under the Contract in accordance with Section 1(b) hereof within such 30-day period and provided such assumption has occurred within such period, Distributor shall not be entitled to terminate the Contract as a result of such default.

(e) In the event the Agent succeeds to or assumes the Borrower's interest under the Contract pursuant to the exercise of any rights hereunder, the Agent shall cure any defaults for failure to pay amounts owed under the Contract, but shall not otherwise be liable to the Distributor for any action or inaction of the Borrower that predates the exercise by the Agent of such rights.

2. Borrower agrees to deliver duplicates or copies of all notices of default and any other material notice, report or other communication delivered under or pursuant to the Contract to the Agent promptly upon receipt thereof and will advise the Agent of any non-material amendments to the Contract.

3. All notices required or permitted hereunder shall be in writing and shall be effective (a) upon receipt if hand delivered, (b) upon telephonic verification of receipt if sent by telefacsimile and (c) if otherwise delivered, upon the earlier of receipt or five days after being sent registered or certified mail, return receipt requested, with proper postage affixed thereto, or by private courier or delivery service with charges prepaid, and addressed as specified below:

If to Distributor:

National Paintball Supply, Inc.
570 Mantua Boulevard
Sewell, New Jersey 08080
Attention: Eugenio Postorivo
Telefax: (856) 464-1262 5268 

Attorneys Eyes Only                                                              PRO302276

If to the Agent:

National Bank of Canada
1155 Metcalfe Street
5th Floor
Montréal, QC H3B 4S9

Attention: Manager
Telefax: (514) 394-6938

4. This Consent and Agreement shall be binding upon and benefit the successors and assigns of Distributor, the Borrower, the Agent and the Lenders and their respective successors, transferees and assigns (including without limitation, any entity that refinances all or any portion of the obligations under the Credit Agreement).

5. This Consent and Agreement may be executed in one or more duplicate counterparts, and when executed and delivered by all the parties listed below, shall constitute a single binding agreement.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Attorneys Eyes Only                                                       PRO302277

IN WITNESS WHEREOF, each of the undersigned by its officer thereunto duly authorized, has duly executed this CONSENT AND AGREEMENT as of the date set forth below.

Dated as of: February 15th, 2005

NATIONAL PAINTBALL SUPPLY, INC.

By: _____
Name: Eugenio Postorivo
Title: President / CEO

PAINTBALL L.P., by its general partner
2063149 Ontario Inc.

By: _____
Name:
Title:

Accepted and Agreed
NATIONAL BANK OF CANADA
as Administration Agent for the Lenders

By: _____
Name: DOMINIC ALBANESE
Title:

By: _____
Name: LAURENT JENEST
Title:

Attorneys Eyes Only                                      PRO302278