```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
Procaps, L.P.  (f/k/a Paintball L.P.),                :
                                                      :
                      Petitioner,                     :
                                                      :
       v.                                             :   1:07-cv-6208 (LAP)
                                                      :
PBS Holding Group, Inc. (f/k/a National               :
Paintball Supply, Inc),                               :
                                                      :
                      Respondent.                     :
                                                      :
------------------------------------------------------x
```

### ANSWER BY PETITIONER PROCAPS, L.P. TO RESPONDENT'S CROSS-PETITION TO CONFIRM ARBITRATION AWARD AND TO ENTER JUDGMENT

Petitioner Procaps L.P. ("Procaps"), by and through its attorneys, answers the Cross-Petition of Respondent PBS Holding Group Inc. ("PBS") to Confirm Arbitration Award and Enter Judgment as follows:

28. Procaps incorporates by reference the averments of its Petition to Vacate Arbitration Award.

29. Procaps admits that PBS seeks confirmation of, and the entry of judgment on, the arbitration award, but denies that PBS is entitled to that relief. The remaining averments of this paragraph are denied as stated. To the extent consideration of documents attached to the affidavit of counsel might be appropriate at this stage of the proceedings, the documents referenced speak for themselves and any characterizations of them are denied.

30. The averments of this paragraph are legal conclusions to which no response is required.

31. The averments of this paragraph are legal conclusions to which no response is required.

32. The averments of this paragraph are legal conclusions to which no response is required.

33. The averments of this paragraph are legal conclusions to which no response is required.

34. The averments of this paragraph describing the game of "paintball" are admitted. Procaps is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and they are deemed denied.

35. Procaps admits that Airtech Industries, Inc. ("Airtech") and PBS entered into the "Goggles Contract," which is comprised of written documents that speak for themselves. Any characterizations of the written documents are denied.

36. Procaps admits that Procaps Encapsulation, Inc. ("PEI") and PBS entered into the "Paintball Contract," which is comprised of written documents that speak for themselves. Any characterizations of the written documents are denied.

37. Procaps admits the assignments of the Goggles Contract and the Paintball Contract, which assignments are in writing and speak for themselves. Any characterizations of those documents are denied.

38. The averments of this paragraph are denied.

39. Procaps admits that PBS commenced multiple arbitration proceedings before the American Arbitration Association ("AAA"), which were consolidated, and the authenticity of the demands, response and counterclaim, which documents speak for themselves.

40.     Procaps admits that John H. Wilkinson, William A. Zucker and David L. Evans were selected and appointed as arbitrators. PBS's characterizations of the selection process are denied.

41.     Procaps admits that arbitration hearings were conducted, but denies the propriety of the award for the reasons stated in Procaps's Petition to Vacate Arbitration Award. PBS's characterizations of the hearings are denied.

42.     Procaps admits that the arbitrators issued an award, which is the subject of Procaps's Petition to Vacate Arbitration Award. PBS's characterizations of the award and of the arbitration proceedings are denied.

43.     Procaps admits that the arbitrators issued an award, which is the subject of Procaps's Petition to Vacate Arbitration Award. PBS's characterizations of the award and of the arbitration proceedings are denied.

44.     Procaps admits that the arbitrators issued an award, which is the subject of Procaps's Petition to Vacate Arbitration Award. PBS's characterizations of the award and of the arbitration proceedings are denied.

45.     Procaps admits that the arbitrators issued an award, which is the subject of Procaps's Petition to Vacate Arbitration Award. PBS's characterizations of the award and of the arbitration proceedings are denied.

46.     The averments of this paragraph are conclusions of law to which no response is required. Procaps incorporates by reference its Petition to Vacate Arbitration Award. By way of further response, even if 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Article V (2)(b), 9 U.S.C. §§ 201, *et seq.* (the "New York Convention") applied, the award here would be unenforceable as "contrary to the public policy

of [the United States.]" Both 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards and the Federal Arbitration Act prohibit arbitrators from making decisions that are "beyond the scope of the submission to arbitration." 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Article V (1)(c); *see also* 9 U.S.C. § 10(a)(4). Additionally, the Federal Arbitration Act specifically prohibits the enforcement of any award that was obtained through fraud. 9 U.S.C. § 10(a)(1). Accordingly, enforcement of this award would be violative of both the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards and the Federal Arbitration Act.

## PRAYER FOR RELIEF

WHEREFORE, Procaps petitions the Court for an order a) staying any proceedings to enforce the Award pursuant to 9 U.S.C. § 12; and b) vacating and setting aside the Award on the grounds that (i) the panel exceeded its authority by awarding damages in excess of the contractual limitation of liability in the Paintball Contract, and/or (ii) that the award

was based on a calculation of lost profits based on financial statements and data that now appear to have been fraudulent.

Dated: September 19, 2007

                                            SCHNADER HARRISON SEGAL & LEWIS LLP

By: _____
     Benjamin Deutsch (BD 5435)
140 Broadway Suite 3100
New York, NY 10005-1101
Telephone: (212) 973-8000
Facsimile: (212) 972-8798

Of Counsel:
    David Smith
    Gittel Hilibrand
    Ari Indik
    Michael Scalzitti
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: 215-751-2000
Facsimile: 215-751-2205

Attorneys for Petitioner, Procaps, L.P.